UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ERIC J. MAPES,    Plaintiff, | ) ) ) |
| v. | ) CAUSE NO.: 2:25-CV-123-PPS-JEM ) |
| HOME DEPOT, *et al.*,    Defendants. | ) ) ) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Recuse Judge John E. Martin [DE 42] filed by Plaintiff Eric J. Mapes, *pro se*, on August 8, 2025. Mapes alleges that the undersigned must recuse himself from this case "to preserve judicial integrity and ensure impartial adjudication of disability rights claims and protect Plaintiff's statutory and constitutional rights." (Mot. at 1, ECF No. 42).

Judges must recuse themselves from proceedings in which they have a personal bias or prejudice against or in favor of a party or in which their impartiality might reasonably be questioned. 28 U.S.C. §§ 144, 455(a). Conversely, Judges should not recuse from cases where there is no justification for doing so. *U.S. v. Hanhardt*, 134 F. Supp. 2d 972, 975 (N.D. Ill. 2001) (citing *New York City Housing Dev. Corp. v. Hart*, 796 F.2d 976, 981 (7th Cir. 1986)); *see also* 28 U.S.C. § 455.

Plaintiff argues that the undersigned's previous rulings in this case show partiality, but such rulings standing alone are insufficient, as the recusal statutes "require bias to 'stem from an extrajudicial source.'" *Fairley v. Andrews*, 423 F. Supp. 2d 800, 803-04 (N.D. Ill. 2006) (quoting *Liteky v. United States*, 510 U.S. 540, 544 (1994)). "Errant decisions are grounds for appeal, not for seeking a judge's recusal." *Thomas v. Dart*, 39 F.4th 835, 844 (7th Cir. July 12, 2022).

1

Also, Plaintiff's argument that his access to the courts has been restricted due to his disability is not new to this lawsuit. He has levied similar accusations against the Indiana Court of Appeals. *See Mapes v. Indiana Ct. of Appeals*, No. 2:25-CV-404 (Oct. 10, 2025) (order dismissing suit for lack of jurisdiction). Additionally, both Indiana's Supreme Court and Court of Appeals have found that Plaintiff has engaged in abusive litigation conduct. *Mapes v. State*¸ 201 N.E.3d 1168, 1170 (Ind. 2023) ("Appellant is CAUTIONED that further abuse of the appellate process will likely result in imposition of restrictions."); *Mapes v. Carroll Cnty.*, 266 N.E.3d 283, 285 (Ind. Ct. App. 2025) ("The Court finds that Appellant is a prolific, abusive litigant whose numerous filings have been a drain on judicial resources.").

The undersigned has no personal bias or prejudice against or in favor of Plaintiff, and the undersigned's rulings in this case do not present circumstances under which the undersigned's impartiality could reasonably be questioned.

Plaintiff also requests the appointment of counsel. By local rule, however, motions must be filed separately, N.D. Ind. L.R. 7-1(a), so this request must also be denied as not properly presented to the Court.

Therefore, the Court **DENIES** the Motion to Recuse Judge John E. Martin [DE 42].

SO ORDERED this 24th day of October, 2025.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff, *pro se*.

2